Paul R. Levenson (PL8560)
Ashima Aggarwal (AA1444)
KAPLAN & LEVENSON LLP
Attorneys for Defendants
630 Third Avenue
New York, NY 10017
(212) 983-6900

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------
DE BEERS LV TRADEMARK LIMITED
and DE BEERS LV LIMITED.,                                    Case No. 04 CV 4099 (DLC)

      Plaintiffs-Counterclaim Defendants,

      -against-

DEBEERS DIAMOND SYNDICATE
INC. and MARVIN ROSENBLATT,

      Defendants-Counterclaim Plaintiffs,

      -against-

DE BEERS CONSOLIDATED
MINES, LIMITED, DE BEERS
CENTENARY AG and DE BEERS
TRADEMARKS LIMITED,

      Additional Counterclaim Defendants.
--------------------------------------------------------

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS RULE 19 MOTION TO JOIN

## PRELIMINARY STATEMENT

This memorandum of law is respectfully submitted in support of defendants Marvin Rosenblatt and Debeers Diamond Syndicate's motion pursuant to Rule 19 of the Federal Rules of Civil Procedure to join as counterclaim defendants in this action De Beers Centenary AG, De Beers Consolidated Mines Limited and De Beers Trademarks Limited (the "De Beers Entities"), the entities identified by plaintiffs as the assignors and licensors of plaintiffs' alleged rights in the name DEBEERS.

## STATEMENT OF FACTS

The relevant facts are set forth in the accompanying Declaration of Ashima Aggarwal, dated November 5, 2004 ("Aggarwal Decl."), and its exhibits, to which the Court is respectfully referred.

## ARGUMENT

### THE DE BEERS ENTITIES ARE NECESSARY PARTIES AND SHOULD BE JOINED AS COUNTERCLAIM DEFENDANTS IN THIS ACTION

Defendants seek leave of court to join as counterclaim defendants in this action the De Beers Entities, the three entities identified by plaintiffs as the assignors and licensors of plaintiffs' alleged rights in the mark DEBEERS.

Rule 19 of the Federal Rules of Civil Procedure seeks to bring together all persons that may have an interest in the subject of an action in one forum so that lawsuits can be fully and completely disposed of. FRCP 19 Advisory Committee note.  Joinder determinations should be made in light of the general policy of the Federal Rules in favor of "entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." United Mine Workers of America v. Gibbs, 383 U.S. 715, 724, 86 S.Ct. 1130, 1138 (1966); see Gentry v. Smith, 487 F.2d 571, 579-80 (5th Cir. 1973) ("in

deciding joinder motions under Rule 19, courts emphasize practical considerations rather than rigid formalism: the maximum effective relief with the minimum expenditure of judicial energy"). The Federal Rules explicitly permit persons not originally parties to an action to be made parties to a counterclaim or cross claim according to the general joinder provisions of Rules 19 and 20 of the Federal Rules of Civil Procedure. <u>Gentry v. Smith</u>, 487 F.2d at 579.  The determination is a matter of this Court's discretion. <u>Gentry v. Smith</u>, 487 F.2d at 580.

Rule 19(a) of the Federal Rules of Civil Procedure provides for joinder where a person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest, or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.  It is a "general rule of equity that all persons must be made parties to the suit who are legally or beneficially interested in the subject matter of the litigation, and who will be affected by the judgment, so that the court may dispose of the entire controversy." <u>Ryan v. Cosentino</u>, 793 F.Supp. 822, 823 (N.D.Ill. 1992).

Plaintiffs claim to have obtained their alleged rights in "DE BEERS" as assignees and licensees of De Beers Trademarks Limited which in turn obtained rights to "DE BEERS" by assignment from De Beers Consolidated Mines, Limited and De Beers Centenary AG. (Complaint, ¶10; Aggarwal Decl. ¶4).   Priority of trademark rights in the United States depends solely upon priority of use in the United States.  <u>La Societe Anonyme des Parfums le Galion v. Jean Patou, Inc.</u>, 495 F.2d 1265, 1271 fn.4, 181 U.S.P.Q. 545 (2d Cir. 1974); <u>S Maw Son & Sons, Ltd. v. Mochida Pharmaceutical Mfg. Co.</u>, 138 U.S.P.Q. 652, 652-53, 1963 WL 7871 (T.T.A.B. 1963); <u>Hitachi Metals Int'l Ltd. v. Yamakyu Chain Kabushiki Kaisha</u>, 209 U.S.P.Q.

1057, 1059, 1981 WL 48128 (T.T.A.B. 1981) (trademark activity outside the US, including use, registration or licensing is immaterial to ownership of rights in the US).  However, plaintiffs do not allege that they have used the mark in the United States and according to filings with the USPTO, there has been no use to date. (Aggarwal Decl. ¶6).  Therefore, plaintiffs' rights in DE BEERS would be dependent on the rights assigned or licensed to it and allegedly held by the De Beers Entities.  The De Beers Entities, then, have purportedly assigned and licensed their alleged exclusive right to use DE BEERS in the United States.  Whether the De Beers Entities ever had such rights to assign the subject matter of this action, and the Court's findings in this regard will directly impact these rights and they, therefore, should be joined as parties.  See Jonesfilm v. Lion Gate Intern., 299 F.3d 134, 141 (2d Cir. 2002) (if resolution of a claim would require the definition of a non-party's rights under a contract, it is likely that the non-party is necessary under Rule 19(a)); Association of Co-op. Members, Inc. v. Farmland Industries, Inc., 684 F.2d 1134, 1143 (5th Cir. 1982) (licensor of a trademark is usually treated as a necessary or indispensable party in an infringement action by its licensee); Princeton Biochemicals, Inc. v. Beckman Coulter, Inc., 223 F.R.D. 326, 330 (D.N.J. 2004) (party claiming an ownership interest in a patent which was the subject matter of the action should be joined).

    Failure to join the De Beers Entities and determine their rights to use DE BEERS in the United States would leave defendants open to future litigation commenced by the De Beers Entities or their assignees and licensees of the same issues raised herein, and the possibility of inconsistent findings with respect to these issues. See Mann v. City of Albany, Georgia, 883 F.2d 999, 1002-03 (11th Cir. 1989); Schutten v. Schell Oil Company, 421 F.2d 869, 873 (5th Cir. 1970) ("the defendant has the right to be safe from needless multiple litigation and from incurring avoidable inconsistent obligations"); Princeton Biochemicals, Inc. v. Beckman Coulter,

<u>Inc.</u>, 223 F.R.D. at 330.  To date, plaintiffs have commenced proceedings against Debeers Diamond Syndicate in this court and before the U.S. Patent and Trade Office.  Defendants seek a declaratory judgment that plaintiffs and the counterclaim defendants sought to be joined do not have priority of use over defendants with respect to DE BEERS, for the express purpose of obtaining a final resolution of plaintiffs' claims. Any judgment entered in the absence of the De Beers Entities would be highly prejudicial to defendants, leaving them subject to future litigation and inconsistent findings.

Rule 19 further provides that only persons who are subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action can be joined.  Each of the De Beers entities is subject to service of process pursuant to the Hague Convention.  This Court has jurisdiction over each of the De Beers Entities because each has transacted business in the State of New York and in this District by purporting to assign to plaintiffs the trademarks and related rights under United States and New York State law at issue in this action, and thereby invoke the benefits and protections of United States and New York State law. (Ex. 2, ¶53).  In addition, upon information and belief, De Beers Consolidated Mines, Limited is subject to this Court's jurisdiction because it has regularly done business in the State of New York and in this District for a period of years preceding the commencement of this action, albeit surreptitiously and by unlawful and improper means.  (Ex. 2, ¶54).  For example, the plaintiff in <u>W.B. David & Co., Inc. v. De Beers Centenary AG</u> alleges that De Beers Consolidated Mines, Limited has engaged in money laundering by doing business through sham "front" entities. (<u>See</u> <u>e.g.</u> <u>W.B. David & Co., Inc. v. De Beers Centenary AG</u>, S.D.N.Y. Civ. No. 04 CV 5203 (KMW)).  In addition, upon information and belief, as early as the mid to late 1980s, De Beers Consolidated Mines, Limited has financed litigation by others to attempt to

prevent entities from using the term "De Beers" in the United States. See e.g., Jewelers Vigilance Committee, Inc. v. Ullenberg Corp., 823 F.2d 4902 U.S.P.Q.2d 2021 (Fed. Cir. 1987). (Ex. 2, ¶54).

Joinder of the De Beers Entities will not affect this court's jurisdiction over this action. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 concerning civil actions arising under the laws of the United States.  Plaintiffs' claim for violation of 15 U.S.C. §1125(a) and defendants' counterclaim for violation of 15 U.S.C. §§1 and 2 constitute the basis for subject matter jurisdiction and joinder of additional parties will have no effect on jurisdiction.

## CONCLUSION

For the foregoing reasons, defendants' motion to join the De Beers Entities as counterclaim defendants should be granted in its entirety.

Dated: New York, New York
       November 5, 2004

Respectfully submitted,

KAPLAN & LEVENSON LLP
Attorneys for Plaintiff
630 Third Avenue
New York, New York  10017
(212) 983-6900


By:  /s/ Ashima Aggarwal
     Paul R. Levenson (PL-8560)
     Ashima Aggarwal (AA-1444)