UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
DE BEERS LV TRADEMARK LIMITED and DE
BEERS LV LIMITED,

         Plaintiff,

    -v-

DeBEERS DIAMOND SYNDICATE INC. and
MARVIN ROSENBLATT,

         Defendants.
------------------------------------X

04 CIV. 4099 (DLC)

MEMORANDUM OPINION
& ORDER



DENISE COTE, District Judge:

    On November 14, 2005, plaintiffs in this action filed a motion to amend the complaint (1) to add a new claim for relief for violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for infringement of the DE BEERS trademark registered by De Beers LV Trademark Limited and (2) to make "minor amendments to clarify the relief sought by [p]laintiffs for [d]efendants' acts of trademark infringement and unfair competition under state and federal law." Defendants' objections to the proposed amendments center around the addition of the Lanham Act Section 32(1) claim.

    Plaintiffs' DE BEERS trademark registration had not matured at the time the original complaint was filed on June 1, 2004. The registration of the DE BEERS mark for "retail store services featuring luxury consumer goods" was issued by the U.S. Patent & Trademark Office ("PTO") on September 13, 2005. The registration specifies a first use date of June 23, 2005, the date a De Beers

retail store opened in New York City.

Under Rule 15, once a pleading has been answered, it may be amended "only by leave of court or by written consent of the adverse party." Rule 15(a), Fed. R. Civ. P. Leave to amend "shall be freely given as justice so requires." Id. "Leave to amend 'may only be given when factors such as undue delay or undue prejudice to the opposing party are absent.'" In re Wireless Telephone Servs. Antitr. Litig., No. (DLC), 2004 WL 2244502, at *4 (Oct. 6, 2004) (quoting SCS Communications, Inc. v. The Herrick Co., 360 F.3d 329, 345 (2d Cir. 2004) (emphasis in original)). "A court may also refuse to grant leave to amend under Rule 15(a) on grounds such as bad faith, or futility of amendment." Id. (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). "An amendment causes undue prejudice where it would '(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction.'" Id. (quoting Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993)). In the present case, there is no indication that plaintiffs seek to amend the complaint in bad faith. Defendants have made no showing that the amendment would expand the scope of discovery or cause undue delay. As plaintiffs note, the original complaint reflected that the mark was then in registration.

The defendants allege, however, that the amendment would be

2

futile. Their primary contention centers around the fact that plaintiffs' trademark registration is for retail store services, whereas defendants use the mark for "discounted loose stones." Plaintiff counter that the applicable law merely requires that the parties' goods or services be "sufficiently related" such that consumers are likely to confuse the source of origin, citing Scarves by Vera, Inc. v. Todo Imports Ltd., 544 F.2d 1167, 1174 (2d Cir. 1976); see also Patsy's Brand, Inc. v. I.O.B. Realty, Inc., 317 F.3d 209, 217 (2d Cir. 2003) ("A defendant will be held to have infringed on a protected mark if numerous ordinary prudent purchasers are likely to be misled or confused as to the source of the product in question because of the entrance in the marketplace of defendant's mark." (citation omitted)). Whether consumers will in fact be confused by the use of the "De Beers" name for both a retail store and loose diamonds is a question of fact to be decided at trial; that this issue exists does not render the proposed amendment futile.

In addition, defendants contend that plaintiffs are contractually prohibited from applying for a trademark for diamonds, a fact which plaintiffs concede in their reply, and further, that plaintiffs intentionally hid this fact from the PTO. On this basis, defendants argue that the trademark registration is invalid. Whether plaintiffs' registration is invalid on account of false representations before the PTO is partly a question of fact; again, that this issue exists does not render plaintiffs' proposed amendment futile on its face.

Plaintiff's motion to amend is accordingly granted.

Conclusion

Plaintiffs' motion to amend the complaint is granted.

SO ORDERED:

Dated:   New York, New York
         December 29, 2005

                                      _____
                                              DENISE COTE
                                      United States District Judge