USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/15/06

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
DE BEERS LV TRADEMARK LIMITED and DE
BEERS LV LIMITED,

                 Plaintiffs,

       -v-

DeBEERS DIAMOND SYNDICATE INC. and
MARVIN ROSENBLATT,

                 Defendants.
-----------------------------------------X

04 CIV. 4099 (DLC)

MEMORANDUM OPINION
AND ORDER

DENISE COTE, District Judge:

    On February 3, 2006, this Court held a telephone conference with counsel for plaintiffs, defendants, and non-parties Bain and Company ("Bain") and De Beers Centenary, A.G. ("Centenary") to address, among other things, Bain and Centenary's contention that three documents produced by Bain in response to an October 6, 2005 subpoena ("subpoena") from defendants should be returned because they are covered by Centenary's attorney-client privilege and the work product doctrine. Prior to the conference, this Court received copies of papers submitted by defendants, Bain, and Centenary in the United States District Court for the District of Massachusetts regarding defendants' motion to compel the production of unredacted copies of certain documents produced in redacted form by Bain. Although that motion is not currently before this Court, the briefs address issues that are nearly identical to those raised by the three disputed documents here.

On February 7, Centenary served a thirteen-page document supplementing its argument that the three documents were protected by the attorney-client privilege and the work product doctrine, and adding an argument that the documents are not relevant to the underlying litigation. Bain submitted a letter arguing that its work for DBG was intertwined with that of DBG's outside counsel. Defendants have also submitted a brief reply.

The three[1] disputed documents, copies of which were provided to the Court for in camera review, consist of two draft presentations and one memorandum, all of which appear to have been created by Bain, a management consultancy, in the course of its work for De Beers Group ("DBG"), which is affiliated with Centenary. According to Centenary, Bain was retained by DBG in 1999 to "identify a new strategic direction for DBG and a new businesss plan for implementing that direction." The documents at issue appear to contain Bain's recommendations regarding certain potential business opportunities. Although the parties do not address this in their papers, one of the presentations has already been partially redacted.

Centenary and Bain claim that the documents are covered by the work product doctrine. They are not. The Second Circuit has held that documents are within the scope of the doctrine if they

---

[1] Although four documents were attached to Centenary's submission to this Court, two of the documents appear to be identical copies of the same presentation, with separate Bates ranges.

"can be fairly be said to have been prepared or obtained because of the prospect of litigation." United States v. Adlman, 134 F.3d 1194, 1202 (2d Cir. 1998). Conversely, protection is withheld "from documents that are prepared in the ordinary course of business or that would have been created in essentially similar form irrespective of the litigation." Id. Although Centenary and Bain suggest that DBG contemplated the possibility that litigation would arise out of the decisions it was preparing to make, the documents at issue here are business strategy documents that Bain would have created for DBG in similar form even if the potential for litigation had been remote.

Centenary and Bain further argue that these documents are covered by the attorney-client privilege because external law firms were retained by Centenary and involved in the strategic review in order to "assess the proposals' legal implications." The documents, which reference the work of a "legal team," back up the claim that the lawyers' involvement was extensive. This does not, however, result in the attorney-client privilege being extended to all communications between Bain and DBG. This Court has previously held that the attorney-client privilege will cover communications between a party and a non-lawyer only when "the communication is made so that the client may obtain legal advice from [the] attorney." Haugh v. Schroeder Inv. Mgmt. N. Am. Inc., No. 2 Civ. 7955, 2003 WL 21998674, *3 (S.D.N.Y. Aug. 25, 2003). That is not the case here. These documents do not reflect, as

3

Centenary suggests, Bain's communications with outside counsel so that counsel could give informed legal advice to DBG. Instead, these three documents are Bain's recommendations to DBG so that it can maximize the value of its brand. Bain contends that its work for DBG required it to have access to the legal advice provided by DBG's outside counsel so that it could consider that advice in making its recommendations to DBG. Although DBG's attorneys provided input regarding legal compliance for various business options, the value provided by Bain in these documents was principally its business expertise. Therefore, the attorney-client privilege does not cover the entirety of these documents. Id. See also United States v. Kovel, 296 F.2d 918, 922 (2d Cir. 1961).

While the privilege does not extend to the entirety of each document, certain limited and discrete portions do describe explicit legal advice from counsel to DBG. These portions are covered by the attorney-client privilege, and do not lose protection because Bain has had access to the advice.

Centenary's argument regarding relevance is untimely. It was not interposed by plaintiffs, who had notice of the subpoena served on Bain and who are related to Centenary. Nor was it raised in the February 3 conference call with all parties. Therefore, it is hereby

ORDERED that defendants shall return the three documents at issue to Bain.

4

IT IS FURTHER ORDERED that Bain shall produce the documents in redacted form to defendants. Only those portions of the documents directly reflecting legal advice from counsel shall be redacted. Such advice appears on pages with the following Bates numbers: BAIN 535, 536, 563, 564, 565, 566, 805, 820, 1138, and 1153.

IT IS FURTHER ORDERED that Centenary's request for a stay is denied.

SO ORDERED:

Dated: New York, New York
February 15, 2006

                                      DENISE COTE
                          United States District Judge